Patric A. Lester (SBN 220092)
pl@lesterlaw.com
5694 Mission Center Road, #385
San Diego, CA 92108
Phone (619) 665-3888
Fax (314) 241-5777

Scott M. Grace  (SBN 236621)
sgrace@lawlh.com
Luftman, Heck & Associates, LLP
501 West Broadway, Ste. 800
San Diego, CA 92101
Phone: 619-400-4900
Fax:  619-923-3661

Attorneys for Plaintiff Marian Sanko

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

MARIAN SANKO,                                    ) Case No. **'12 CV 1302 AJB  WVG**
                                                 )
                          Plaintiff,             ) **COMPLAINT**
                                                 )
          vs.                                    ) **DEMAND FOR JURY TRIAL**
                                                 )
RIVERWALK HOLDINGS, LTD,                          )
                                                 )
                          Defendant.             )
_____          )

### INTRODUCTION

1.      This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, Marian Sanko (hereinafter Plaintiff) for Riverwalk Holdings, LTD's hereinafter (hereinafter "Riverwalk " or "Defendant") violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, *California Civil Code* § 1788 *et seq*. (hereinafter "the Rosenthal Act") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.      This action arises out of Defendant's violations of the FDCPA, the Rosenthal Act. Jurisdiction of this court arises under *15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331*. Supplemental jurisdiction exists for the state law claim, pursuant to *28 U.S.C. § 1367* and *Fed. R. Civ. P. 18(a)*.

Declaratory relief is available pursuant to *28 U.S.C. §§2201 and 2202*. As Riverwalk does business in the state of California, and committed the acts that form the basis for this suit in the state of California, this Court has personal jurisdiction of Riverwalk. Venue is proper in this Court pursuant to *28 U.S.C. § 1391* as Riverwalk regularly and frequently files and pursues lawsuits of the type at issue herein against consumers in the Southern District of California.

## THE PARTIES

3.     Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to plaintiffs' counsel, which Plaintiff alleges on personal knowledge.

4.     While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5.     Plaintiff is a natural person residing in California, and is a consumer within the meaning of *§ 1692a(3)* of the FDCPA in that she is a natural person purportedly obligated to pay a credit card debt, owed to Chase Bank USA, (hereinafter "Debt") and a "debtor" as that term is defined by *§1788.2(h)* of the Rosenthal Act.

6.     Defendant is located in the City of Colleyville, Texas.

7.     At all times relevant herein, Defendant, Riverwalk was a company engaged, by use of the mails, telephone and state courts in the business of collecting debts, which were financial obligations primarily for personal, family or household purposes, as defined by *§1692a(5)* of the FDCPA, and consumer debts as defined by *§ 1788.2(f)* of the Rosenthal Act. Riverwalk  regularly attempts to collect debts as previously defined and alleged to be due another and is therefore a debt collector within the meaning of  *§ 1692a(6)* of the FDCPA and *§1788.2(c)* of the Rosenthal Act.

## FACTUAL ALLEGATIONS

8.     At all times herein, Riverwalk, was attempting to collect, from Plaintiff, a debt as defined by *§1692a (5)* of the FDCPA and a consumer debt as defined by *§ 1788.2(f)* of the Rosenthal Act.

9.     Prior to June 1, 2011, Plaintiff is alleged to have incurred certain financial obligations, ("the debt") which subsequently she fell behind in the payments.

10.     The validity of the debt is neither admitted nor denied.

11.     These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by §1692a(5) of the FDCPA.

12.     Prior to June 1, 2011, the debt was assigned, placed or otherwise transferred to Defendant for collection.

13.     On June 1, 2011, Riverwalk  filed suit against Plaintiff in the Superior Court of California, Santa Clara County in the cause captioned as <u>Riverwalk  Holdings, LTD  v. Marian Sanko;</u> Case No.: 111CV202127, (hereinafter "SCA") attached hereto, marked Exhibit "A" and incorporated by reference herein.

14.     This contained and was a communication within the meaning of *§1692a(2)* of the FDCPA.

15.     Defendant's violations of the Rosenthal Act were willful and knowing.

16.     Defendant misrepresented the character, amount and legal status of the debt.

17.     Plaintiff incurred legal fees, expenses, and costs, for having to hire counsel and to defend against Riverwalk's collection lawsuit.

18.     Defendants attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law.

19.     Riverwalk collected or attempted to collect unlawful interest.

20.     In paragraphs 16 and 17 of the SCA, and in the prayer, Defendant claims a right to a fixed annual interest rate of 29.99 percent, on a principal amount.

21.     This charge of a false fixed interest rate violates the FDCPA.

22.     Defendant claims the right to a fixed interest rate of 29.99 percent when in fact, assuming without conceding there is any right to interest at all under a prior agreement with Chase Bank USA, it is a right to a variable rate ranging from less to more than the fixed rate alleged.

23.     The representation that the Plaintiff had previously agreed to pay a fixed rate of 29.99percent per annum interest was untrue. Through this representation, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt.

24.     Additionally, there is no applicable statute that gives rise to a right to 29.99 percent fixed interest.

25.     Riverwalk cannot point to any contract giving rise to a right to a fixed rate of interest of 29.99 percent.

26.     All of the documents provided by Riverwalk, in the SCA litigation, clearly provide for a variable rate.  There is no basis in any document provided by Riverwalk to believe that Riverwalk or any other party, including Chase Bank USA, ever possessed the right to charge Plaintiff a fixed rate of interest of 29.99 percent.

27.     Riverwalk fabricated a claim to a fixed interest rate of 29.99 percent in order to maximize their profits and to avoid the task of calculating the correct rate under the contract they claim. This is a clear misrepresentation, and a violation of *15 U.S.C.§1692f and 1692f(1)* of the FDCPA. See *Donohue v. Quick Collect, Inc.* (9th Cir. 2010) 592 f 3d 1027, 1034. The court stated the rule clearly:

> "Misrepresenting the interest rate of a debt, or attempting to collect an inflated interest rate, is a violation of the FDCPA's, as long as the misrepresentation is material.", citing  *Hahn V Triumph Partnerships, LLC.* (7th Cir. 2007) 557 F 3d 755, 757, in which the Court found that "[a]pplying an incorrect rate of interest would lead to a real injury…"

28.     Additionally Riverwalk misrepresented that they were the original creditors when in fact they were allegedly collecting for Chase Bank. Nowhere on Exhibit A do the words "Chase" "assignment" or any derivation therein appear. This omission misrepresented the legal status of the debt in violation of §1692e(2)(A) and attempted to collect an amount that was neither authorized by an agreement nor permitted by law in violation of §1692 f(1).

## FIRST CLAIM FOR RELIEF

### (Violations of the FDCPA)

29.     Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

30.     The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of the FDCPA, *15 U.S.C. § 1692 et seq.*

31.     As result of each and every violation of the FDCPA, Plaintiff is entitled to any actual

damages pursuant to *15 U.S.C. § 1692k(a)(1)*; statutory damages in an amount up to $1,000.00 pursuant to *15 U.S.C. § 1692k(a)(2)(A)*; reasonable attorney's fees and costs pursuant to *15 U.S.C. § 1692k(a)(3)* from defendant.

## SECOND CLAIM FOR RELEIF

### (Claim for violations of the Rosenthal Act)

32.    Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs preceding the First Claim for Relief.

33.    Defendant's acts and omissions violated the Rosenthal Act including, but not limited to *§1788.17*. Defendant's violations of *§ 1788.17* of the Rosenthal Act (which incorporates several of the provisions of the FDCPA) include, but are not limited to those enumerated in the above First Claim for Relief.

34.    Defendant's acts and omissions also violated *§ 1788.13(e)* the Rosenthal Act by making false representations that the debt may be increased by the addition of finances charges in the form of a fixed rate of interest when in fact those charges may not be legally added to the debt.

35.    Plaintiff is entitled to statutory damages of $1000.00 under *§1788.30(b)* for Defendant violations, as enumerated above, of *§1788.13(e)*.

36.    Pursuant to *§1788.32,* the remedies provided under *§§1788.30(b)* and *1788.17* are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

37.    Defendant's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to *§ 1788.30(b)* of the Rosenthal Act.

38.    Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

39.    As a proximate result of the violations of the Rosenthal Act committed by Defendant, Plaintiff is entitled to any actual damages, statutory damages, reasonable attorney's fees and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and for Plaintiff

requests this Court:

    (1)    Assume jurisdiction in this proceeding.

    (2)    Declare that the Defendant violated the FDCPA;

    (3)    Declare that the Defendant violated the Rosenthal Act;

    (4)    Award statutory damages of an amount not exceeding $1,000.00 pursuant to *§ 1692k(a)(2)(A)* of the FDCPA;

    (5)    Award actual damages in accordance with proof at trial, pursuant to *§1692k(a)(1);*

    (6)    Award statutory damages of an amount not exceeding $1,000.00 pursuant to *§1788.30(b)* of the Rosenthal Act for violation of *§ 1788.17* of the Rosenthal Act;

    (7)    Award of statutory damages of  $1000.00 pursuant to *§ 1788.30(b)* of the Rosenthal Act for violation of *§1788.13 (e)*;

    (8)    Award of the costs of litigation and reasonable attorney's fees, pursuant to *§1692k (a) (3)* of the FDCPA and *§ 1788.30(c)* of the Rosenthal Act;

    (9)    Such other and further relief this court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

40.    Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated May 30, 2012

                                     */s/ Patric A. Lester*
                                     Attorney for Plaintiff,
                                     Marian Sanko

**COMPLAINT**

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MARIAN SANKO

**DEFENDANTS**
RIVERWALK HOLDINGS, LTD,

**(b)** County of Residence of First Listed Plaintiff  Santa Clara
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Patric A. Lester, Lester & Associates, 5694 Mission Center Rd. #358,
San Diego, Ca., 92108          (619)-665-3888

Attorneys (If Known)

**'12 CV 1302 AJB WVG**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **PERSONAL INJURY** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 362 Personal Injury - Med. Malpractice | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 365 Personal Injury - Product Liability | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 370 Other Fraud |  |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 371 Truth in Lending | **CIVIL RIGHTS** |  |  |
| ☐ 290 All Other Real Property | ☐ 380 Other Personal Property Damage | ☐ 441 Voting |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  | ☐ 385 Property Damage Product Liability | ☐ 442 Employment |  | ☐ 950 Constitutionality of State Statutes |
|  | **CIVIL RIGHTS** | ☐ 443 Housing/ Accommodations |  |  |
|  | ☐ 441 Voting | ☐ 444 Welfare |  |  |
|  | ☐ 442 Employment | ☐ 445 Amer. w/Disabilities - Employment |  |  |
|  | ☐ 443 Housing/ Accommodations | ☐ 446 Amer. w/Disabilities - Other |  |  |
|  | ☐ 444 Welfare | ☐ 440 Other Civil Rights |  |  |
|  | ☐ 445 Amer. w/Disabilities - Employment | **PRISONER PETITIONS** |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 510 Motions to Vacate Sentence |  |  |
|  | ☐ 440 Other Civil Rights | **Habeas Corpus:** |  |  |
|  |  | ☐ 530 General |  |  |
|  |  | ☐ 535 Death Penalty |  |  |
|  |  | ☐ 540 Mandamus & Other |  |  |
|  |  | ☐ 550 Civil Rights |  |  |
|  |  | ☐ 555 Prison Condition |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC §1692 et. seq.
Brief description of cause: Fair Debt Collection Practices Act violations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  May 30, 2012

SIGNATURE OF ATTORNEY OF RECORD  /s/ Patric A. Lester

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.    Example:    U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.